UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID K. WILLIAMS, *as Estate Representative of* GUS WILLIAMS *(Deceased)*, *and Guardian of* ROSANNA WILLIAMS,

                  *Plaintiff*,

v.

T.D. BANK, N.A., KEVIN TAYLOR, and DEREK K.

                  *Defendants*.

No. 25-CV-6753 (KMK)

ORDER

---

KENNETH M. KARAS, United States District Judge:

    David K. Williams ("Plaintiff") brings this Action, assertedly on behalf of the estate of Gus Williams and as guardian of Rosanna Williams, against T.D. Bank, N.A. ("the Bank"), Kevin Taylor, and Derek K. (collectively, "Defendants"), seeking $1,000,000,000 in monetary damages, treble damages, injunctive relief, litigation expenses, and other relief. (Compl. 1, 14 (Dkt. No. 1).)[1] Before the Court is Defendant's Letter Motion requesting permission to file a Rule 4 Waiver. (Letter Mot. from Nelson Stewart, Esq. to Court ("Letter Mot. to File Rule 4 Waiver") 1 (Dkt. No. 19).)

## I. Background

A. Factual Background

    Plaintiff's Complaint arises out of events concerning a safe deposit box at the Bank. (Compl. 6–7.) He asserts that the Bank has erroneously denied him authorization to access

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page.

materials that were stored in the safe deposit box, misappropriated the contents of the box, and unlawfully attempted to cover up its actions as part of a broader conspiracy. (*Id.* at 2, 6–7, 9–10.)

B.  Procedural Background

Plaintiff filed the instant Action on August 15, 2025. (*See* Compl.) He then filed several motions and letters on the docket. (*See generally* Dkt.) The Court denied without prejudice multiple of Plaintiff's early Motions on the grounds that Plaintiff had not yet served the Complaint or the Motions on Defendants. (*See* Memo Endorsement 5 (Dkt. No. 13).) As the Court explained, "plaintiffs are not excused from complying with the applicable rules of service merely by virtue of their pro se status." (*Id.* (quoting *Miller v. Annucci*, No. 17-CV-4698, 2021 WL 4392305, at *8 (S.D.N.Y. 2016) (alteration adopted)).)

On September 23, 2025, Defendant TD Bank submitted to the Court a letter regarding Plaintiff's failure to serve the Bank. (Letter Mot. to File Rule 4 Waiver 1.) The Bank represented that, on September 11, 2025, counsel emailed Plaintiff to relay the Bank's offer "to waive service of the Summons and Complaint pursuant to [Federal Rule of Civil Procedure] 4(d)." (*Id.*; *see also* Letter Mot. to File Rule 4 Waiver Ex. A, at 2–3.) Plaintiff "rejected this offer and commented that he would proceed with service in the normal course." (Letter Mot. to File Rule 4 Waiver 1; *see also* Letter Mot. to File Rule 4 Waiver Ex. B, at 2.)

On September 18, 2025, Plaintiff filed his Proof of Service with the Court. (Proof of Service (Dkt. No. 17).) The Proof of Service document asserted that the Summons, Complaint, and "all filed Exhibits" had been served on the Bank through the Bank's counsel of record, Duane Morris LLP. (*Id.* at 1.) In the Proof of Service, Plaintiff asserted that Defendant's

response to the Complaint would be due within 21 days of attempted service, on October 9, 2025. (*Id.*)

Defendant TD Bank took the position that this attempt to serve was invalid, both because it was executed on the Bank's attorney by mail, and, it said, because a copy of the Summons and Complaint were not included among the papers served on the firm. (Letter Mot. to File Rule 4 Waiver 1–2.) On September 23, 2025, counsel for the Bank emailed Plaintiff and renewed the Bank's offer to waive service. (*Id.* at 2; *see also* Letter Mot. to File Rule 4 Waiver Ex. D, at 2.)

This Court ordered Plaintiff to respond to the Bank's Rule 4 waiver request. (*See* Dkt. No. 20 (Mem. Endorsement), at 2.) In response, Plaintiff filed a document indicating his objection to the Bank's request, which he characterized as an "extension of time to file Rule 4 waiver forms." (Pl.'s Obj. to Def.'s Req. 1 (Dkt. No. 28).) In the document, Plaintiff argues strenuously that the Bank's request is a delay tactic. (*Id.*)

## II.  Discussion

### A.  Standard of Review

A court typically "may not exercise power over" a defendant without "service of process (or waiver of service by the defendant)." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). The plaintiff in a case—here, Mr. Williams—is "responsible for having the summons and complaint served" on each defendant. *See* Fed. R. Civ. P. 4(c)(1). Even if a defendant is aware of an ongoing lawsuit, this does not relieve a plaintiff of the obligation to carry out service of process. *Broughton v. Chrysler Corp.*, 144 F.R.D. 23, 26 (W.D.N.Y. 1992) ("That a defendant received actual notice of a pending suit does not cure a service defect.").

To serve a corporate entity like T.D. Bank, Plaintiff would need a process server to deliver a copy of the summons and the complaint to: (1) an "officer . . . or . . . agent authorized

by appointment or by law to receive service of process and . . . by also mailing a copy of each to the defendant" as authorized by Federal Rule of Civil Procedure 4(h)(1)(B)[2]; or (2) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), *see also* Fed. R. Civ. P. 4(h)(1)(A). The law in New York—the state in which this Court is located—provides that "[p]ersonal service upon a corporation . . . shall be made by delivering the summons . . . upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1); *accord Royall v. City of Beacon*, No. 24-CV-3, 2024 WL 4266546, at *8 (S.D.N.Y. Sept. 23, 2024).[3] The group of employees amenable to service under the latter route is generally limited to those with supervisory authority and discretion to act on the company's behalf; it does not typically permit service on employees, such as receptionists or check-out clerks, whose roles are outside the "managerial hierarchy." N.Y. C.P.L.R. § 311 (Practice Commentary); *see also id.* ("The list . . . [does] not [include] a check-out clerk at the counter of a retail store. . . . Low-level employees who serve as receptionists or clerks obviously are not managing agents.").

---

[2] Federal Rule of Civil Procedure 4(h)(1)(B) explains, in relevant part, "Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served . . . in a judicial district of the United States[] . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . ."

[3] New York law permits a few other routes for service on a corporation; for instance, it permits a "plaintiff . . . [to] serve a corporation by personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee, or by electronically submitting a copy of the process to the department of state together with the statutory fee." *Foley v. Cap. One, N.A.*, No. 25-CV-1526, 2025 WL 958758, at *3 (S.D.N.Y. Mar. 31, 2025) (quoting in part N.Y. Bus. Corp. Law § 306(b)(1)) (alterations adopted, internal quotation marks omitted).

B. Analysis

   1. Attempted Service

Plaintiff has not availed himself properly of either of the above-described routes in his attempts to serve the Bank; as a result, "[t]o date proper service has not been made and accordingly the Court lacks personal jurisdiction over" the Bank. *Anderson Bey v. Roc Nation LLC*, No. 24-CV-02295, 2025 WL 2774114, at *8 (S.D.N.Y. Sept. 29, 2025). "[S]ervice of process on an attorney not authorized to accept service for his client is ineffective." *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990); *see also United States v. Glaister*, No. 20-CV-3581, 2021 WL 1565678, at *2 (S.D.N.Y. Apr. 21, 2021) ("[S]imply representing a client does not constitute authorization (let alone retroactive authorization) to accept service on the client's behalf[.]"). TD Bank represents that counsel is not authorized to accept service, and there is no evidence in the record to the contrary. (Letter Mot. to File Rule 4 Waiver at 1–2.) As a result, it appears likely that Plaintiff's service of papers on counsel was not effective.

The Southern District of New York provides a document for pro se plaintiffs, instructing them on how to serve defendants in cases where fees have been paid. That document is currently available on the Court's website. *See Service Guide in Pro Se Cases Where Fees Have Been Paid*, United States District Court for the Southern District of New York (July 7, 2024), https://nysd.uscourts.gov/forms/service-guide-pro-se-cases-where-fees-have-been-paid. The Court directs Plaintiff to this document for a clear and concise explanation of service procedures; the Clerk's office is respectfully requested to send Plaintiff a copy of the Pro Se Guide.

2. Service Wavier

Service could also be waived according to Rule 4(d).[4]  *See* Fed. R. Civ. P. 4(d).  In the instant motion, the Bank asks the Court to permit it to execute such a waiver, and deem it to have been served on September 11, 2025.  (Letter Mot. to File Rule 4 Waiver 1–2.)  The language of Rule 4 suggests, however, that the waiver request must be initiated by Plaintiff; there is no indication that a waiver can be granted over Plaintiff's objection.  *See* Fed. R. Civ. P. 4(d) ("The plaintiff may . . . request that the defendant waive service of a summons.").  Other courts appear to have reached the same conclusion.  *See Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 399–400 (S.D.N.Y. 2020) ("[Plaintiff] has not come forward with any evidence that he ever requested a waiver of service with respect to the original Complaint . . . . On the contrary, the undisputed record reflects that [D]efendants informally communicated to [Plaintiff's] counsel their willingness to waive service, but that [Plaintiff] did not take them on up that offer. . . . Under these circumstances, [Plaintiff] cannot claim a waiver of service."); *Yambo-Torres v. Citigroup Glob. Mkt. Holdings Inc.*, No. 21-CV-2386, 2022 WL 269150 (S.D.N.Y. Jan. 28, 2022) (concluding that service had not been executed in case where "Defendant notes that it offered to execute a . . . service of process waiver . . . [even though] Plaintiff never requested execution of such a waiver" (internal quotation marks omitted)); *Noble Sec., Inc. v. Ingamar Co.*, No. 21-CV-1372, 2021 WL 2012508, at *3 (E.D.N.Y. May 20, 2021) ("Plaintiffs could have requested that Defendant waive service . . . but they declined to do so. . . . Defendant cites no authority for the

---

[4] The Court also retains the authority to permit alternative methods of service, according to Rule 4(f)(3). *See, e.g., AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015). Alternative methods are typically permitted only upon "(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Noble Sec., Inc. v. Ingamar Co.*, No. 21-CV-1372, 2021 WL 2012508, at *5 (E.D.N.Y. May 20, 2021) (quoting *Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577, 2018 WL 4804675, at *3 (S.D.N.Y. Oct. 3, 2018)).

proposition that Plaintiffs are required to either request a waiver of service or accept Defendant's conditional offer to do so.").

Because Plaintiff has not requested—and indeed, opposes—Defendant's waiver of service, the Court must deny the Bank's request that it be permitted to file a Rule 4 Waiver form. The Court stresses that the deadline for a Defendant's response to a Complaint runs from the date of successful service.

### III.  Conclusion

For the reasons set forth above, Defendant's Motion to Permit Rule 4(d) Waiver is denied.  The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 19.

SO ORDERED.

Dated:   October 20, 2025
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge