UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

DAVID K. WILLIAMS, as Estate Representative of GUS WILLIAMS (Deceased),

Plaintiff,

v.

TD BANK, N.A., DEREK K. (KILLAM), KEVIN TAYLOR, and DOES 1-50,

Defendants.

**MEMO ENDORSED**

RECEIVED OCT 16 2025 PRO SE OFFICE

Case No. 7:25-cv-06753-KMK Hon. Kenneth M. Karas

EMERGENCY MOTION FOR EXPEDITED DISCOVERY SYSTEMATIC CRIMINAL ENTERPRISE EVIDENCE

TO THE HONORABLE COURT:

Plaintiff David K. Williams respectfully moves this Court for expedited discovery of critical evidence necessary before the October 27, 2025 conference to establish the full scope of TD Bank's systematic elder abuse enterprise.

## I. THE HUMAN TRAGEDY BEHIND THE EVIDENCE

The evidence Plaintiff seeks goes to the heart of an unspeakable family tragedy that continues to devastate our family every single day. My beloved brother Gus Williams - a gentle soul who worked his entire life to build a modest legacy for his family - died knowing that TD Bank had stolen his most precious possessions, including his 1979 Seattle SuperSonics NBA championship rings worth hundreds of thousands of dollars. The stress, anguish, and helplessness that consumed Gus in his final days, watching TD Bank systematically destroy everything he had worked for while refusing to even acknowledge their theft, broke his spirit and contributed directly to his death. Now, as I watch my 100+ year old mother Rosanna Williams - a centenarian who has lived through a century of American history - suffer the ongoing torment of seeing her son's legacy systematically destroyed by the same criminal enterprise that killed her other son, my heart breaks anew each day. The evidence we seek will show that TD Bank didn't just steal money or jewelry - they stole my brother's will to live, and they continue stealing my mother's peace in her final years. Every day that TD Bank continues their systematic obstruction, every procedural delay, every legal technicality they hide behind, prolongs the agony of a 100-year-old woman who simply wants justice for her dead son. This is not just about money - this is about a family shattered by institutional cruelty that transformed what should have been

golden years into a nightmare of legal battles against a banking giant that chose profit over human decency.

**MEMO ENDORSED**

## II. TD BANK'S CONTINUED CORE EVIDENCE AVOIDANCE

TD Bank's October 14, 2025 response (ECF No. 29) continues their five-year pattern of systematic obstruction by completely avoiding all core evidence of their criminal enterprise. Despite overwhelming smoking gun documentation filed in federal court, TD Bank refuses to address:

- The January 29, 2020 safe deposit box theft of NBA championship rings and precious belongings
- Derek Killam's contradictory admissions proving systematic bad faith
- The BridgeTower invoice smoking gun proving TD Bank's recognition of Plaintiff's authority
- Kevin Taylor's $5 million settlement offer admission of massive liability
- The systematic elimination of the first manager who processed Plaintiff's legal authority
- Ongoing systematic theft operations extending years beyond the initial incident

Instead, TD Bank repeats the demonstrably false "expired guardianship papers" defense that reveals either willful legal ignorance or systematic bad faith obstruction.

## III. TD BANK'S "EXPIRED PAPERS" DEFENSE EXPOSES SYSTEMATIC LEGAL LIES

TD Bank's October 14th response perpetuates their five-year lie claiming guardianship papers "expired," demonstrating either:

A. **Institutional Legal Incompetence:** Any competent banking institution knows guardianship and conservatorship papers never expire until death of the ward. These are fundamental legal principles governing fiduciary relationships.

B. **Systematic Bad Faith:** TD Bank knows the papers remain valid but continues using false "expiration" claims to justify ongoing systematic theft operations.

This "expired papers" defense destroys TD Bank's credibility entirely - it proves they have been systematically lying about basic legal principles for five years while continuing their criminal enterprise operations. The guardianship papers from South Carolina (original jurisdiction), Maryland (Johns Hopkins Medical transfer), and New York (confirmation) granted Plaintiff permanent legal authority that remains valid until death - a principle any legitimate banking institution would understand.

## IV. THE FIRST MANAGER - KEY WITNESS TO PREMEDITATED CONSPIRACY

The most devastating evidence centers on TD Bank's systematic elimination of the key witness who can expose their criminal enterprise. The original branch manager personally reviewed Plaintiff's guardianship papers and conservatorship documents, entering these legal documents into TD Bank's computer system and confirming Plaintiff's total financial authority. When Plaintiff explained he didn't have keys to the safe deposit box, the original manager instructed Plaintiff to "come back in a few days and we'll make you new keys" - confirming TD Bank's recognition of Plaintiff's complete legal authority to access the safe deposit box.

When Plaintiff returned as instructed, the original manager had vanished and been replaced by a different manager who immediately began the systematic lies, claiming Plaintiff lacked authority despite TD Bank's own computer system showing the legal documentation and the previous manager's commitment to make new keys. This manager switch marks the precise beginning of TD Bank's systematic criminal enterprise - they eliminated the one witness who could testify that TD Bank acknowledged Plaintiff's complete legal authority and had committed to providing new keys.

V. $10 BILLION DAMAGES JUSTIFICATION REQUIRES DISCOVERY EVIDENCE

The $10 billion settlement demand reflects the systematic scope of TD Bank's criminal enterprise, but complete justification requires the requested discovery evidence:

A. Systematic Theft Scope (Requires Account Statements 2020-2025) The initial safe deposit box theft represents only the beginning of TD Bank's systematic criminal operations. Discovery of complete account statements will likely reveal ongoing unauthorized withdrawals, fees, and systematic theft extending years beyond the initial January 29, 2020 incident, multiplying damages exponentially.

B. Witness Tampering and Corporate Cover-Up (Requires Manager Evidence) TD Bank's systematic elimination of the key witness represents sophisticated corporate obstruction adding punitive damages. The disappeared manager's testimony would prove premeditated cover-up operations, justifying enhanced damages for systematic witness tampering and corporate conspiracy.

C. RICO Treble Damages Enhancement Under 18 U.S.C. § 1964(c), proven RICO violations mandate treble damages. The systematic elder abuse enterprise, combined with ongoing theft evidence and witness elimination, creates treble damage exposure potentially exceeding $30 billion based on the systematic criminal scope.

D. Wrongful Death Component Gus Williams' death, directly attributable to stress and anguish from TD Bank's systematic elder abuse enterprise, adds unlimited wrongful death damages. The combination of systematic theft, witness tampering, and death causation justifies the $10 billion demand as reasonable compensation for institutional murder of an elderly victim.

## VI. EXPEDITED DISCOVERY NECESSARY FOR JUSTICE

The following evidence is essential to establish the complete scope of TD Bank's systematic criminal enterprise before any settlement discussions:

**MEMO ENDORSED**

A. Complete Account Statements and Transaction Records (2020-2025) All bank statements, transaction logs, withdrawal records, and account activity for any accounts associated with Gus Williams or his estate from January 29, 2020 to present, including:

- Post-theft account activity proving ongoing systematic theft
- Withdrawal authorizations and signatures despite computer records showing Plaintiff's authority
- Internal account notes and flagging systems
- Evidence of continued account access after known unauthorized drilling

B. Complete Management Succession and Corporate Cover-Up Evidence All personnel and communication records regarding systematic management changes designed to eliminate witnesses:

- Identity and current contact information of ALL branch managers from January 29, 2020 to present
- Complete employment records showing tenure dates, departure circumstances, and succession timeline
- Training records and case briefings showing institutional knowledge transfer regarding the Williams case
- All corporate communications regarding management changes, reassignments, or terminations
- Computer system records showing legal authority documentation entered by original manager
- Internal emails, memoranda, or directives regarding systematic witness elimination operations

C. Systematic Authority Documentation Obstruction All internal TD Bank communications proving systematic bad faith obstruction despite computer records:

- System records showing guardianship and conservatorship documentation
- Internal legal opinions regarding guardianship paper validity and expiration claims
- Communications coordinating "expired authority" responses despite legal documentation
- Evidence of systematic lies regarding Plaintiff's legal standing and paper validity

## VII. TIME-SENSITIVE NATURE OF REQUEST

This discovery is essential before the October 27, 2025 conference because:

A. Witness Protection: TD Bank's systematic management elimination represents critical testimony that must be preserved before additional evidence destruction.

B. Settlement Discussion Integrity: Any meaningful settlement discussion requires complete understanding that TD Bank systematically eliminated witnesses while perpetuating false legal claims about "expired" papers.

C. Criminal Referral Coordination: FBI and DOJ investigations require evidence of systematic witness tampering and corporate cover-up operations.

D. Ongoing Elder Abuse: Each day of delay prolongs suffering of centenarian victim while critical witness evidence potentially disappears forever.

VIII. LEGAL BASIS FOR EXPEDITED DISCOVERY

A. Federal Rules of Civil Procedure Rule 26(d)(1) allows discovery before Rule 26(f) conference when circumstances warrant preservation of critical evidence.

B. RICO Pattern Establishment: 18 U.S.C. § 1962 requires comprehensive evidence of systematic enterprise operations including witness tampering.

C. Elder Abuse Protection: Federal elder protection statutes mandate expedited proceedings to prevent ongoing harm and evidence destruction.

IX. CONCLUSION AND PRAYER FOR RELIEF

The evidence requested will demonstrate that TD Bank's systematic elder abuse enterprise included premeditated witness elimination, systematic management succession to destroy evidence, and ongoing criminal operations extending years beyond the initial theft while perpetuating false legal claims about "expired" guardianship papers. The systematic management changes represent coordinated witness tampering designed to eliminate testimony exposing TD Bank's criminal enterprise operations.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

1. Grant expedited discovery of all requested account records, personnel files, management succession records, computer system records, and corporate communications regarding systematic witness elimination;
2. Order production within 7 days to allow analysis before October 27th conference;
3. Compel TD Bank cooperation with immediate document production and witness location information under penalty of contempt;

4. Issue preservation orders preventing any destruction of evidence regarding management succession, witness elimination, and systematic cover-up operations;

5. Such other relief as this Court deems just and proper.

**MEMO ENDORSED**

Respectfully submitted,

*/s/ David K. Williams/*

David K. Williams, Pro Se Estate Representative 30 Park Ave, Apt 3S Mount Vernon, NY 10550 (914) 356-3993 scapwillia@yahoo.com

Date: October 16, 2025

In advance of the conference scheduled in this Action for October 27, 2025, Plaintiff has made multiple filings styled as letters and emergency requests. (*See* Dkt. Nos. 32, 33, 35, 36.) In several, Plaintiff requests that the Court order expedited discovery to be completed prior to the conference. (*See* Dkt. No. 32 at 3; Dkt. No. 33 at 4–5; Dkt. No. 35 at 10, 14; Dkt. No. 36 at 8–9.)

"Courts in this district have applied a flexible standard of reasonableness and good cause in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 241 (S.D.N.Y.2012) (internal quotation marks and citation omitted). The party seeking discovery must prove that its requests are "reasonable under the circumstances." *N. Atl. Operating Co. v. Evergreen Distributors, LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013) (internal quotation marks and citation omitted). Courts also sometimes apply the more-rigorous *Notaro* test, which requires a showing akin to that required to obtain a preliminary injunction. *Id.* (internal quotation marks and citation omitted.)

The Court concludes that, even under the more-lenient reasonableness test, the expedited discovery Plaintiff requests is not justified. Expedited discovery should be denied where it is "overbroad, overly burdensome and not reasonable under the circumstances." *N. Atl. Operating Co.*, 293 F.R.D. at 371. Among other things, Plaintiff seeks "immediate depositions" of both witnesses, (Dkt. No. 32 at 3), voluminous documentary productions including "[a]ll . . . account activity for any accounts associated with Gus Williams or his estate" and "[a]ll personnel and communication records regarding systematic management changes designed to eliminate witnesses," (Dkt. No. 33 at 4), "communications between TD Bank and [the NYS] Comptroller" regarding the estate, (Dkt. No. 35 at 10), and "TD Bank's complete outgoing mail records for July–September 2025," (Dkt. No. 36 at 9). Many of his requests are not reasonable because they are not limited in subject matter. *See N. Atl. Operating Co.*, 293 F.R.D. at 371. Others are not reasonable because they would overburden Defendants, who could not reasonably produce the materials sought prior to the October 27 conference. *See Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 731 (S.D.N.Y. 1996) (rejecting request "not reasonably tailored to the time constraints under which both parties must proceed"); *see also N. Atl. Operating Co.*, 293 F.R.D. at 371. Aside from bare assertions that TD Bank will destroy evidence or eliminate witnesses, (Dkt. No. 33 at 5), Plaintiff has not provided a sufficient reason why any of the discovery he seeks should be expedited, let alone why it is necessary to obtain prior to the forthcoming conference (as opposed to at a later stage). *Cf. Geminatio, Inc. v. Hustad*, No. 25-CV-00361, 2025 WL 1220233, at *8 (N.D.N.Y. Apr. 28, 2025).

Plaintiff's Motion for Expedited Discovery at Dkt. No. 33 is therefore denied without prejudice to further such requests. The Clerk of Court is respectfully directed to terminate the pending motion at Dkt. No. 33. To the extent that Dkt. Nos. 32, 35, and 36 seek pre-conference discovery, those requests are likewise denied.

So Ordered.

*/s/ KMK/*

October 22, 2025.